UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANICE O'DELL,

                          Plaintiff,

             v.                                              **COMPLAINT**

JEFFERSON COUNTY, NEW YORK;                    Jury Trial Demanded
JOHN BURNS, in his individual and official
capacity as Sheriff of Jefferson County, New York;    Civil Action No. ___7:13-CV-1148___ (DNH/ATB)
ANDREW NEFF, in his individual capacity as
Undersheriff of Jefferson County, New York;
ROBERT NEWTOWN, in his individual
and official capacity as a Sergeant at the
Jefferson County Sheriff's Department;
FRANCIS SEYMOUR, in his individual and
official capacity as a Corrections Officer at the
Jefferson County Sheriff's Department;
MICHAEL PETERSON, in his individual
and official capacity as a Lieutenant at the
Jefferson County Sheriff's Department;  PAUL
TRUDEAU, in his individual and official capacity
as Undersheriff of Jefferson County, New York;
KRISTOPHER SPENCER, in his individual
and official capacity as Lieutenant, Jail Administrator,
and employee of the Jefferson County Sheriff's
Department; and JOHN DOE(S) and JANE DOE(S),

                          Defendants.
_____

        Plaintiff Janice O'Dell, by and through her attorneys, Bosman Law Firm, L.L.C., as and for

her Complaint against Defendants, Jefferson County, John Burns, Andrew Neff, Robert Newtown,

Francis Seymour, Michael Peterson, Paul Trudeau, Kristopher Spencer, and John Doe(s) & Jane

Doe(s), alleges as follows:

**INTRODUCTION**

1.  This is a Complaint under 42 U.S.C. §§ 1981 and 1983; the Constitution of the Untied States; and the Constitution and laws of the State of New York to remedy violations of the rights of the Plaintiff for injuries and harm caused by the Defendants.

**JURISDICTION AND VENUE**

2.  This action is brought, in part, pursuant to 42 U.S.C. §§ 1981 and 1983, and the First and Fourteenth Amendments to the United States Constitution for monetary damages as well as for declaratory, injunctive, and equitable relief to redress the deprivation of the Plaintiff's rights secured to her by the Constitution and laws of the United States and the State of New York. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 and the aforementioned statutory and Constitutional provisions.

3.  Plaintiff invokes the original and supplemental jurisdiction of this Court to decide claims arising under Federal and New York State law including, but not limited to, claims that Defendants committed unlawful discriminatory and retaliatory practices relating to employment by denying Plaintiff equal terms, conditions, and privileges of employment because of sex and/or race and/or because she opposed discrimination; claims that Defendants violated Plaintiff's right to equal treatment and protection of the laws; claims that Defendants deprived Plaintiff of her property and liberty interests in her job and good name and reputation; claims that Defendants violated Plaintiff's free speech rights; claims that Defendants abused process, maliciously prosecuted and subjected Plaintiff to the deprivation of her substantive due process rights; claims that Defendants have a custom, policy, or practice of discrimination, harassment, and retaliation; claims that Defendants breached Plaintiff's employment contract; claims that Defendants tortiously interfered with

Plaintiff's contract and future prospective contracts; claims that Defendants were negligent; claims that Defendants defamed and slandered Plaintiff's good name; and claims that Defendants intentionally and/or recklessly and/or negligently inflicted emotional distress upon the Plaintiff.

4.   This Court has supplemental jurisdiction over Plaintiff's New York State law claims including claims under the New York State Constitution pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in the Northern District of New York in that the unlawful employment practices and constitutional violations alleged herein were committed in whole or in part in the Northern District.

### CONDITIONS PRECEDENT

6.   On or about May 3, 2013, a Notice of Claim was duly served upon the Defendants.

7.   At least 30 days has elapsed since service of such Notice of Claim and payment thereof has been refused.

### PARTIES

8.   Plaintiff Janice O'Dell is a natural person and at all times relevant hereto, a female resident of the State of New York.  At all times relevant hereto, Plaintiff is an "Employee" within the meaning of 42 U.S.C. §§ 2000[e], et seq. and the Human Rights Law of the State of New York.

9.   Defendant, County of Jefferson, New York is a municipal corporation organized and existing under the laws of the State of New York and at all relevant times has its principal place of business at Historic Courthouse, 195 Arsenal Street, Watertown, New York 13601. Defendant County of Jefferson is an "Employer" within the meaning of 42 U.S.C. §§ 2000[e], et seq. and the Human Rights Law of the State of New York.

10.   The Jefferson County Sheriff's Department ("JCSD") is part of the municipal

corporation of the County of Jefferson which is organized and existing under the laws of the State of New York and at all relevant times has its principal place of business at 753 Waterman Drive, Watertown, New York 13601.

11.   At all times relevant hereto, Defendant County of Jefferson and the JCSD employed the named individual Defendants and the Plaintiff herein. Said County of Jefferson and the JCSD are by law responsible for the wrongdoing of officers and employees of the JCSD and by law responsible for the direct participation and endorsement of the unconstitutional and unlawful customs, policies, and practices of the individual Defendants. Said Defendant was also aware, through its officers, employees, legislators, and agents, of the long-standing unlawful customs, policies, and practices of the named Defendants, and deliberately and/or negligently failed to take action to correct the unlawful customs, policies, and practices of the Defendants.

12.   Defendant John Burns, at all times relevant to this Complaint, is the duly appointed Jefferson County Sheriff and a policymaker for Jefferson County. Defendant Burns is one of Plaintiff's supervisors and personally participated in the negligent, discriminatory and/or retaliatory acts alleged herein.   Further, at all pertinent times referenced herein, he acted under color of law and is responsible for enforcing the rules and regulations of the State of New York and County of Jefferson and for insuring that employees of the Sheriff's Department obey the laws of the State of New York and the United States. Defendant Burns is sued in his individual and official capacity.

13.   Defendant Andrew Neff, at all times relevant to this Complaint, was the Jefferson County Undersheriff until February 8, 2013, at which time Defendant Neff retired from his position. Defendant Neff was one of Plaintiff's supervisors and personally participated in the negligent, discriminatory and/or retaliatory acts alleged herein. Defendant Neff acted under color of law and

is responsible for enforcing the rules and regulations of the State of New York and County of Jefferson for insuring that employees of the Sheriff's Department obey the laws of the State of New York and the United States. Upon information and belief, Defendant Neff had policymaking authority in the Jefferson County Sheriff's Department. Defendant Neff is sued in his individual and official capacity.

14. Defendant Robert Newtown, at all times relevant to this Complaint, is a Sergeant and employee of Defendant Jefferson County and JCSD. Defendant Newtown was one of Plaintiff's supervisors. Defendant Newtown personally participated in the negligent, discriminatory and/or retaliatory acts alleged herein. Defendant Newtown is sued in his individual and official capacity.

15. Defendant Francis Seymour, at all times relevant to this Complaint, is a Corrections Officer and employee of Defendant Jefferson County and JCSD. Defendant Seymour personally participated in the negligent, discriminatory and/or retaliatory acts alleged herein. Defendant Seymour wields significant influence in the every day operation and management of the Corrections Division of the Jefferson County Sheriff's Department and, as such, has policymaking and/or supervisory authority therein. As such, he is one of Plaintiff's supervisors. Defendant Seymour is sued in his individual and official capacity.

16. Defendant Michael Peterson, at all times relevant to this Complaint, is a Lieutenant and employee of Defendant Jefferson County and JCSD. Defendant Peterson is one of Plaintiff's supervisors. Defendant Peterson personally participated in the negligent, discriminatory and/or retaliatory acts alleged herein. Defendant Peterson acted under color of law and is responsible for enforcing the rules and regulations of the State of New York and County of Jefferson for insuring that employees of the Sheriff's Department obey the laws of the State of New York and the United

States.  Upon information and belief, Defendant Peterson has policymaking authority in the Jefferson County Sheriff's Department.  Defendant Peterson is sued in his individual and official capacity.

17.  Defendant Paul Trudeau, at all times relevant to this Complaint, replaced Defendant Neff as undersheriff and assumed all of the duties of that position when Defendant Neff resigned on or about February 8, 2013. Defendant Trudeau personally participated in the negligent, discriminatory and/or retaliatory acts alleged herein. Defendant Trudeau acted under color of law and is responsible for enforcing the rules and regulations of the State of New York and County of Jefferson for insuring that employees of the Sheriff's Department obey the laws of the State of New York and the United States.  Upon information and belief, Defendant Trudeau has policymaking authority in the Jefferson County Sheriff's Department. Defendant Trudeau is sued in his individual and official capacity.

18.  Defendant Kristopher Spencer, at all times relevant to this Complaint, is a Lieutenant, Jail Administrator, and employee of Defendant Jefferson County and JCSD. Defendant SPENCER personally participated in the negligent, discriminatory and/or retaliatory acts alleged herein. Defendant Spencer acted under color of law and is responsible for enforcing the rules and regulations of the State of New York and County of Jefferson for insuring that employees of the Sheriff's Department obey the laws of the State of New York and the United States.  Upon information and belief, Defendant Spencer has policymaking authority in the Jefferson County Sheriff's Department. Defendant Spencer is sued in his individual and official capacity.

19.  Defendants John Does and Jane Does are individuals not yet known to the Plaintiff. Once their identities are ascertained, the names of those individuals will be substituted in place of the John Does and Jane Does designation(s).

20.  At all relevant times, each Defendant is responsible for the establishment and

perpetuation of the discriminatory policies, customs, practices and habits of the JCSD and also aided and abetted the unlawful conduct described herein. The Defendants all are also responsible and liable for the unlawful conduct of each other for failing to intercede and prevent the discriminatory and retaliatory conduct set forth herein.

21.  During all pertinent times mentioned in this Complaint, Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the State of New York and the County of Jefferson. At all times mentioned in this Complaint, Defendants acted either individually, jointly, and/or in concert with each other.

22. Defendants Burns, Neff, Newtown, Seymour, Peterson, Trudeau, Spencer, and Does, due to their power to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law and N.Y. Labor Law § 201-d.  Alternatively, said Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law § 296(6) and therefore their discrimination and/or retaliation is unlawful.

## FACTS

23.  Plaintiff Janice O'Dell is a white female Corrections Officer employed by the County of Jefferson, New York.  She began her employment thereat on or about December 28, 2008.

24.  Plaintiff has been subjected to actions and a continuous course of ongoing harassment and discrimination by Defendants and Defendants' employees.

25.  Therein November or December, 2010, Officer Sands and Defendant Newtown, Plaintiff's then current supervisor, requested Plaintiff send them pictures of herself, and when she did not, sent Plaintiff a photograph of a penis.

26.  Within approximately one week thereafter, Defendant Newtown approached Plaintiff and stated that he might have to "reprimand" her, despite there being no cause to do so.  Upon information and belief, Defendant Newtown sought to intimidate Plaintiff to prevent her from reporting or complaining about his and others' discriminatory conduct.

27.  Thereafter, on or about April 2011, without her consent or permission, Defendant Newtown lifted Plaintiff from behind at a law enforcement function, and told Plaintiff, in sum and substance, that they would have a relationship in that he predicted they would "hook up" someday.  Defendant Newtown has on occasions too numerous to mention, made comments about Plaintiff's physical appearance, including, but not limited to, statements that he does not like her hair straight, and if she left her hair curly and if she were a "little heavier" she would be his "type".

28.  Plaintiff has also been subjected to discriminatory actions and comments by Defendant Seymour who has made statements to Plaintiff and other officers that, in sum and substance, the jail is "no place for a female to work".  Said statements and attitudes are known to the other Defendants and they have failed to correct said behavior or train employees appropriately with regard to racism

or sexism.

29.  Defendant Neff, now retired, who was Undersheriff and one of Plaintiff's supervisors until his retirement on February 8, 2013, sent Plaintiff unsolicited sexually suggestive messages online between March and July 2011. Defendant Neff has referred to females in disparaging terms, including "bitch", referring to Patrol Deputy Crystal Rice, who had filed a complaint of discrimination on the basis of gender.  Patrol Deputy Crystal Rice was asked to pose for topless photos for the purpose of a "sting" operation, and was assured that all photographs and negatives would be returned to her. When the sting operation was completed, all photographs were "lost" and not returned to Patrol Deputy Rice.

30.  It was and/or is a custom, policy and/or practice of supervisor Defendants to engage female employees and/or inmates in sexual relationships with impunity. It is and/or was the custom, policy, and practice of Defendants to engage in or allow sexual harassment, unsolicited sexual advances, and disparate and demeaning treatment of women in the JCSD.

31.  Additionally, Defendants and employees of Defendants perpetuated and/or allowed to be perpetuated a pervasive environment hostile to African Americans and to those who associated with them and/or sympathized with them. This pervasive environment included, on occasions too numerous to mention, referring to African Americans as "niggers" and the telling of racist jokes during briefings; referring to African Americans as "monkeys"; and referring to basketball played by African Americans as "monkey ball".

32.  Plaintiff was often accused by her co-workers and the administration as being "too friendly" with the African American inmates and retaliated against and disparaged professionally as a result.

33.  On or about March 21, 2012, while off-duty and outside of work, Plaintiff received an invitation from an old college acquaintance (who is African American) to meet at a restaurant. Plaintiff later learned in May 2012, that this "encounter" was purportedly observed by employees of Defendants who in fact photographed Plaintiff.

34.  Defendant Seymour put Plaintiff under intense scrutiny, where male employees and employees who were not perceived to associate with African Americans were not placed under similar scrutiny, taking it upon himself to "investigate" Plaintiff, and "report" directly to Defendant Spencer, outside of the chain of command and contrary to policy.

35.  Defendant Peterson spoke with Plaintiff's father, and told him that "we believe your family may be in danger. I haven't briefed the Sheriff on this yet", indicating Plaintiff with his statements.

36.  On or about May 17, 2012, Plaintiff was summoned to a meeting with Defendants Neff, Peterson, Burns, and Spencer.  Each unlawfully accused Plaintiff of having "relationships" with inmates "inside and outside" of the facility.  Plaintiff was threatened that if she did not resign that "this will be bad for you."  Defendants cautioned Plaintiff that if she resigned she would "save yourself from embarrassment, save your family from embarrassment." Defendants made these statements while Plaintiff was without union representation, and rejected any attempts by Plaintiff to deny knowledge of any of the accusations against her, with Defendant Burns stating "Don't shake your head! I'm not blowing smoke."

37.  At the conclusion of said May 17, 2012 meeting, Plaintiff was suspended without pay from her position without a full investigation, and very publicly escorted from her workplace.

38.  Upon information and belief, once Plaintiff was suspended, Defendant Peterson and Defendant Spencer told corrections officers to "stay away" from the Plaintiff and delete the Plaintiff from any social networking accounts they maintained.

39.  A few days after said May 17, 2012 meeting, Defendant Seymour went to Plaintiff's parents' home, and told Plaintiff's mother that Plaintiff was "sweet on" one of the African American inmates. Defendant Seymour has also made statements and confronted Plaintiff about "favoring" black inmates.

40.  It was and/or is the custom, policy, and practice of Defendants to harass, discriminate, and retaliate against African Americans and individuals the Defendants perceive to associate with African Americans and/or who treat African Americans with respect or favorably. It was and/or is the custom, policy, and practice of Defendants to minimize negative, tortious, and illegal conduct of white, male employees and to protect such employees from prosecution and other adverse consequences of their actions.

41.  On or about May 21, 2012, Plaintiff's father, Stephen Pierson went to Defendant Sheriff John Burns, and complained about the discriminatory treatment of his daughter, the Plaintiff.  Mr. Pierson stated to Defendant Burns, in sum and substance, that "guys" (white male employees of the Sheriff's Department) have had relationships with current and former inmates, DUI convictions, open container violations, and arrests for assault and their employment was not placed in jeopardy. Defendants were thus specifically advised of their disparate and discriminatory treatment and failed to correct same or conduct any meaningful investigation or training thereon.

42.  On or about May 24, 2012, Plaintiff was served disciplinary charges which sought the termination of her employment for alleged violations of the Unified Code of Conduct, Section 1.1,

Obedience to Laws, Ordinances, Rules and Regulations; Section 4.2, Conduct Unbecoming Members and Employees; Section 4.3, Consorting With Persons of Ill Repute; Section 2.1, General Duties; Section 4.24, Contraband and Dangerous Contraband; and Section 2.14, Reading on Duty.

43.  Upon information and belief, similarly situated employees outside Plaintiff's protected classes engaged in equal or worse behavior than that alleged against Plaintiff were not disciplined, or were not subjected to the disciplinary penalties sought against the Plaintiff.  Such behavior includes sleeping with current and former inmates, DUI convictions, violation of the open container law, and assault arrests.  One such assault took place inside the prison itself, against an inmate. The officer wrote up the entire incident in a report, but was then advised by Defendant Spencer that he should re-write his report to minimize the assault.

44.  Motivated in whole or part by gender and/or race and/or protected activity, Defendants sought to discriminate against Plaintiff further by unlawfully, negligently, and/or maliciously seeking the criminal prosecution of the Plaintiff based on false testimony and fabricated evidence.

45.  Plaintiff received reports from multiple co-workers that Defendant Seymour and others attempted to coerce inmates into signing false statements against the Plaintiff at the direction of or with the approval of the other Defendants.

46.  Plaintiff also received reports that Defendants Peterson and Spencer and others attempted to coerce co-workers and other employees of Defendants into making false statements against the Plaintiff at the direction of or with the approval of the other Defendants. Upon information and belief, Officer Doe refused to offer false testimony against Plaintiff, and as a result, Defendants recommended that he be denied a pistol permit for "failure to cooperate in an investigation."

47.  An indictment against Plaintiff was issued on or about June 22, 2012 based principally

on the internal disciplinary charges of May 24, 2012.  Upon information and belief, the indictment was based on false testimony and fabricated evidence.

48.   Media, including YNN news, "News Junky" and the local newspaper, reported the indictment against Plaintiff, causing Plaintiff to be publicly humiliated and irreparably damaging her reputation.

49.   Criminal charges were brought against the Plaintiff in whole or part because she is female, refused to participate in sexual and stereotypical conduct, is not racist, refused to resign, and as a result of Plaintiff's father bringing disparate and discriminatory treatment to Defendants attentions. Upon information and belief, Plaintiff's indictment was procured by or with the assistance of Defendant Sheriff Burns and/or the other named Defendants and/or his agents.

50.   The indictment against Plaintiff was later dismissed in or about February 2013.

51.   However, Defendants and/or Defendants' agents persisted in their unlawful conduct; Defendants continue to seek Plaintiff's termination, punishment, or resignation up to the present.

52.   On or about March 29, 2013, Plaintiff was served with "Amended" disciplinary charges which eliminated the charges brought against her in 2012 and asserted new, different charges. Plaintiff was never given an opportunity to challenge the charges of misconduct brought against her in 2012.

53.   During the course of Plaintiff's employment with the JCSD, as set forth above, Plaintiff was subjected to a continuous series of illegal and discriminatory and retaliatory acts, unfair actions, policies, practices, and procedures because of Plaintiff's sex and/or because of race and/or in retaliation for complaints of discrimination and disparate treatment. Said wrongs, acts, and violations are and were intentional and/or reckless and/or negligent and have caused Plaintiff harm, injury,

psychological harm, and damages including, but not limited to: (a) income in the form of wages and benefits; (b) physical harm in the form of stress, tension, headaches, stomach aches, sleeplessness, nervousness, anxiety, fear and dread, extreme anxiety, embarrassment, humiliation, degradation, depression, insomnia, anger, dysfunction and pain; (c) severe emotional distress, mental anxiety, depression, inconvenience, loss of enjoyment of life, and psychological trauma; (d) the denial of equitable employment compensation, equitable employment terms and conditions and privileges of employment because of sex and/or race and/or opposition to discrimination; (e) damage to Plaintiff's good name, humiliation, indignity and shame; (f) injury to Plaintiff's family and community relations amongst her peers and co-workers; (g) legal fees and expenses; (h) deprivation of Plaintiff's property and liberty interests, invasion of her privacy, and the deprivation of her human, civil, and Constitutional rights in violation of the laws and Constitutions of the United States and the State of New York; and (i) other damages known and unknown.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF
## PLAINTIFF'S EQUAL PROTECTION RIGHTS

54.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 53 above.

55.   Defendants violated rights guaranteed to the Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that Plaintiff was subjected to discrimination in matters relating to discipline, prosecution, on and off the job conduct, and performance because of sex and/or race.

56.   Defendants Burns, Neff, Peterson, Spencer, Newtown, Seymour, John Doe(s), and Jane Doe(s) are individually and collectively responsible for the deprivation of Plaintiff's constitutional, statutory and common law rights.

57.   With respect to the named municipal Defendant, County of Jefferson, the actions and omissions as aforementioned constitute unlawful custom, policy, or practice since all or some of the actions and omissions were of policy making officials of the County of Jefferson or the JCSD. In addition, said municipal Defendants created, maintained and/or fostered a custom, policy or practice of discrimination, retaliation and intimidation or were recklessly and/or deliberately indifferent to such custom, policy or practice. Finally, said Defendants failed to adequately train and/or supervise and/or discipline officers, agents, and supervisors on the rights of employees to be free from hostile work environment, discrimination and/or retaliation.

58.   Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SECOND CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF
PLAINTIFF'S EQUAL PROTECTION RIGHTS**

59.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 58 above.

60.   Defendants violated rights guaranteed to the Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that Plaintiff was subjected to a hostile work environment because of sex and/or race.

61. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A THIRD CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF
PLAINTIFF'S RIGHTS UNDER 42 U.S.C. § 1981**

62.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 61 above.

63.   Defendants violated rights guaranteed to the Plaintiff under 42 U.S.C. § 1981 in that Plaintiff was subjected to discrimination in matters relating to discipline, prosecution, on and off the job conduct, and performance because of race.

64. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A FOURTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF
PLAINTIFF'S RIGHTS UNDER 42 U.S.C. § 1981**

65.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 64 above.

66.   Defendants violated rights guaranteed to the Plaintiff under 42 U.S.C. § 1981 in that Plaintiff was subjected to a hostile work environment because of race.

67.  Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A FIFTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 FOR VIOLATION OF
<u>PLAINTIFF'S FIRST AMENDMENT RIGHTS</u>**

68.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 67 above.

69.   Defendants violated rights guaranteed to the Plaintiff under the First Amendment to the Untied States Constitution in that Plaintiff was retaliated against when she refused to resign her position and when Plaintiff's father acted as her agent to oppose discrimination in public employment.  Plaintiff's and Plaintiff's father's complaints of discrimination and reports of officer misconduct, which involve matters of public concern, are constitutionally protected.  Plaintiff was subjected to disciplinary charges and criminal prosecution because of her and her father's protected activity.

70.  Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SIXTH CAUSE OF ACTION
PURSUANT TO THE N.Y. HUMAN RIGHTS
<u>LAW FOR DISCRIMINATION</u>**

71.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 70 above.

-17-

72. Defendants violated rights guaranteed to the Plaintiff under the New York State Human Rights Law in that Plaintiff was subjected to discrimination in matters relating to discipline, prosecution, on and off the job conduct, and performance because of sex and/or race.

73. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A SEVENTH CAUSE OF ACTION PURSUANT TO THE N.Y. HUMAN RIGHTS LAW FOR HOSTILE WORK ENVIRONMENT

74. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 73 above.

75. Defendants violated rights guaranteed to the Plaintiff under the New York State Human Rights Law in that Plaintiff was subjected to a hostile work environment because of sex and/or race.

76. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR AN EIGHTH CAUSE OF ACTION PURSUANT TO THE N.Y. HUMAN RIGHTS LAW FOR RETALIATION

77. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 76 above.

78. Defendants violated rights guaranteed to the Plaintiff under the Human Rights Law in that Plaintiff was retaliated against for opposing discrimination.

79. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A NINTH CAUSE OF ACTION
## PURSUANT TO THE N.Y. CONSTITUTION, ARTICLE I, § 11

80.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 79 above.

81.  Defendants, through acts of omission or commission, violated Plaintiff's right to equal protection of the laws of the State of New York, pursuant to Article I, § 11 of the Constitution of the State of New York in that Plaintiff was discriminated against based on sex and/or race.

82.  Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A TENTH CAUSE OF ACTION
## PURSUANT TO N.Y. CIVIL RIGHTS LAW § 40-c

83.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 82 above.

84.  Defendants, through acts of omission or commission, violated Plaintiff's right to Equal Protection of the laws of the State of New York.

85.  Defendants, through acts of omission or commission, subjected Plaintiff to discrimination in her civil rights.

86.  Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## PURSUANT TO N.Y. CIVIL RIGHTS LAW § 79-n

87.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 86 above.

88.  Defendants, through acts of omission or commission, intentionally selected Plaintiff for harm, and caused Plaintiff injury and harm as set forth in the preceding paragraphs in whole or in substantial part because of a belief or perception regarding Plaintiff's sex and/or race.

89.  As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff suffered injury and harm as set forth herein and is entitled to compensation therefor.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## PURSUANT TO THE NEW YORK CONSTITUTION ARTICLE I, § 8

90.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 89  above.

91.  Defendants, through acts of omission or commission, violated Plaintiff's right to free speech, pursuant to Article I, § 8 of the Constitution of the State of New York in that Plaintiff was retaliated against for opposing discrimination in public employment and expression on matters of public concern.

92.  Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## PURSUANT TO N.Y. LABOR LAW § 201-d

93.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 92  above.

94.  N.Y. Labor Law § 201-d prohibits an employer from discriminating against an employee in the terms, conditions or privileges of employment because of an employee's "legal recreational activities outside work hours, off of the employer's premises."

95.  Defendants discriminated against Plaintiff because of her recreational activity in meeting

a friend as more fully described in paragraph 33 herein.

96.  Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 FOR MALICIOUS PROSECUTION

97.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 96.

98.  Upon information and belief, Plaintiff was subject to a criminal judicial proceeding as a result of actions and statements made by Defendants, and was based upon an indictment procured through fraud.

99.  Said criminal judicial proceeding ended in the voluntary withdrawal and/or abandonment of the majority of charges against Plaintiff, and was terminated favorably and/or not adverse to the Plaintiff.

100.  Defendants lacked reasonable and/or probable cause to bring criminal charges against the Plaintiff.

101.  Plaintiff sustained damages as a result of Defendants' unlawful conduct, and is entitled to compensation therefor.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 FOR ABUSE OF PROCESS

102.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 101.

103.  Defendants violated Plaintiff's right to be free from the State's abuse of process.

104.  Defendants were acting under the pretense of color of State law.

105.  Upon information and belief, Defendants sought the criminal prosecution of Plaintiff and procured an indictment to advance collateral objectives, to wit: the discharge of Plaintiff's employment with the Sheriff's Department, to chill Plaintiff's speech, and/or to protect themselves, their reputations and authority.

106.  Plaintiff sustained damages as a result of Defendants' unlawful conduct, and is entitled to compensation therefor.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 FOR THE DEPRIVATION OF PLAINTIFF'S
## SUBSTANTIVE DUE PROCESS RIGHTS

107.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 106.

108.  The substantive protection guaranteed by the Fourteenth Amendment to the United States Constitution protects Plaintiff against State interference with fundamental liberties.

109.  Upon information and belief,  Defendants solicited, arranged, secured and/or offered false testimony and evidence against Plaintiff to pursue a meritless criminal prosecution against her.

110.  Defendants facilitated Plaintiff's criminal prosecution despite the fact that Defendants knew or should have known that Plaintiff did not commit the crimes alleged.

111.  Defendants, acting under the pretense of color of State law, violated Plaintiff's Fourteenth Amendment rights.

112.  Plaintiff sustained damages as a result of Defendants' unlawful conduct, and is entitled to compensation therefor.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 FOR THE DEPRIVATION OF PLAINTIFF'S
PROCEDURAL DUE PROCESS RIGHTS**

113.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 112.

114.   As stated, in 2012 Plaintiff was subjected to disciplinary action as more fully set forth in paragraph 42 herein.

115.   Plaintiff is an employee covered by Article 75 of the N.Y. Civil Service Law and may not be discharged or disciplined in the absence of "just cause".  Plaintiff is also covered by her Union contract, in particular Article XVIII thereof, which provides that employees subject thereto can only be discharged or disciplined based on "just cause".   Plaintiff therefore has a constitutionally protected property interest in employment with Defendants.  Additionally, Plaintiff has a liberty interest in her name and reputation.

116. Plaintiff was not afforded an opportunity to challenge the disciplinary charges brought against her in 2012 nor Defendants' accusations and her name and reputation have been sullied.

117.   Such conduct violates Plaintiff's due process rights under the United States Constitution for which she sustained injury and harm and she is entitled to recover damages therefor under 42 U.S.C. § 1983.

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
FOR BREACH OF CONTRACT**

118.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 117 above.

119.  Plaintiff is a civil service employee and as such is protected by the contract in effect

entered into by the County of Jefferson with its employees. Such contract requires good faith and fair dealing, bars the imposition of discipline "without just cause" and compels the employer to provide due process in the form of, *inter alia*, notice, Union representation, discovery processes, and a hearing.

120.   Defendants discriminated and retaliated against the Plaintiff and subjected her to unequal treatment and discipline without just cause on account of sex and/or race and/or opposition to discrimination in breach of the contract as well as exercising coercive tactics, including, but not limited to, criminal prosecution on unfounded and false allegations. Defendants violated Plaintiff's rights under contract, in breach of the contract provisions and its implied covenant of good faith and fair dealing.

121.   Defendants' breach of contract with Plaintiff has deprived her of income, benefits, and protections afforded under said contract.

122.   Plaintiff sustained damages and is entitled to compensation therefor.

## AS AND FOR A NINETEENTH AND A TWENTIETH  CAUSE OF ACTION FOR LIBEL AND SLANDER

123.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 122 above.

124.  Defendants made false statements of fact regarding Plaintiff's character, work conduct, and behaviors.

125.  Defendants made false accusations against Plaintiff of a serious crime.

126.   Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION FOR
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

127.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 126 above.

128.   Plaintiff's employment is created and defined through an existing, enforceable contract.

129.   Through the Defendants' deliberate interference with said contract, Defendants have breached Plaintiff's employment contract.

130.   Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION FOR
## TORTIOUS INTERFERENCE WITH A PROSPECTIVE ADVANTAGE

131.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 130 above.

132.   As set forth above, Defendants have violated Plaintiff's rights, defamed, and slandered her.

133.   Defendants' actions have prevented and/or reduced Plaintiff's ability to enter into employment contracts in the present and future.

134.   Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
## FOR NEGLIGENCE

135.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 134 above.

136.  Defendants owed Plaintiff a duty to provide a work environment free of hostility, harassment, discrimination and retaliation.

137.  Defendants have breached that duty through their actions and omissions.

138.  As a direct and proximate cause of said breach, Plaintiff sustained damages and is entitled to compensation therefor.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
## FOR GROSS NEGLIGENCE

139.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through138.

140.  Defendants' acts and omissions were so wanton, reckless, and indifferent as to constitute gross negligence.

141.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A TWENTY-FIFTH CAUSE OF ACTION
## FOR INFLICTION OF EMOTIONAL DISTRESS

142.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 141.

143.  Defendants' aforementioned conduct was and continues to be extreme and outrageous.

144.  At all times relevant hereto, Defendants intended to cause severe emotional distress in the Plaintiff and/or disregarded the substantial probability of causing the Plaintiff severe emotional distress.

145.  Plaintiff suffered severe emotional distress as a direct result of Defendants' conduct.

146.  Plaintiff sustained damages as a result of her severe emotional distress, and is entitled

to compensation therefor.

### AS AND FOR A TWENTY-SIXTH CAUSE OF ACTION
### FOR *PRIMA FACIE* TORT

147.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 146.

148.   Defendants intended to inflict harm upon the pecuniary interests of the Plaintiff by, *inter alia*, subjecting her to disciplinary charges, criminal prosecution, and making false statements about her.

149.   Defendants had no justification or excuse to act in such manner and their actions and/or omissions were unlawful.

150.   Upon information and belief, Defendants were motivated entirely by malice against Plaintiff.

151.   The aforesaid acts and/or omissions of Defendants were intended to cause harm and injury to the Plaintiff and that, as a result, Plaintiff has suffered damages and is entitled to recover for those injuries and damages as previously set forth herein.  *Inter alia*, Plaintiff sustained special damages in an amount equal to the wages she would have earned had she not been unlawfully suspended.

### PUNITIVE DAMAGES

152.   The acts and/or omissions of the Defendants herein were outrageous; were done in a deliberate, callous, malicious, wanton and oppressive manner intended to injure Plaintiff; were done with an improper and evil motive, amount to malice and spite; and were done in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants, jointly and severally, as follows:

(a)    judgment awarding Plaintiff compensatory damages in an amount not less than $3,000,000.00;

(b)    judgment awarding Plaintiff punitive damages in an amount not less than $6,000,000.00;

(c)    for each Cause of action, granting the following injunctive relief:

    1.    Restraining the Defendants from engaging in further discriminatory and/or retaliatory treatment;

    2.    Require the Defendants to review and correct all unconstitutional, discriminatory and retaliatory treatment and conduct within the Jefferson County Sheriff's Department;

    3.    Provide equal opportunities, terms, benefits, and pay to all employees in the Jefferson County Sheriff's Department;

    4.    Mandate training and educational programs for employees about retaliation and discrimination;

    5.    Require annual reports demonstrating efforts and success at compliance in providing a discrimination and retaliation free workplace;

    6.    Restoring Plaintiff to her position and all attendant benefits and privileges; and

    7.    A public apology;

(d)    interest on all amounts due;

(e)    attorneys' fees under 42 U.S.C. Section 1988 and other applicable law;

(f)    declaratory relief that the Defendants have violated the Plaintiff's rights under the law;  and

(g)    granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all claims herein.

Dated: September 15, 2013
at Rome, New York

s/A.J. Bosman
_____

A.J. Bosman, Esq.
Bosman Law Firm, L.L.C.
*Attorneys for Plaintiff*
Office and Post Office Address:
6599 Martin Street
Rome, New York 13440
Telephone: 315-336-9130