UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JANICE O'DELL,

          Plaintiff,

 -v-                 7:13-CV-1148

JEFFERSON COUNTY, NEW YORK; JOHN BURNS, in his individual and official capacity as Sheriff of Jefferson County, New York; ANDREW NEFF, in his individual capacity as Undersheriff of Jefferson County, New York; ROBERT NEWTOWN, in his individual and official capacity as a Sergeant at the Jefferson County Sheriff's Department; FRANCIS SEYMOUR, in his individual and official capacity as a Corrections Officer at the Jefferson County Sheriff's Department; MICHAEL PETERSON, in his individual and official capacity as a Lieutenant at the Jefferson County Sheriff's Department; KRISTOPHER SPENCER, in his individual and official capacity as Lieutenant, Jail Administrator, and employee of the Jefferson County Sheriff's Department; and JOHN DOE(S) and JANE DOE(S),

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW FIRM LLC<br>Attorney for Plaintiff<br>6599 Martin Street<br>Rome, NY 13440 | A.J. BOSMAN, ESQ. |
| SUGARMAN LAW FIRM LLP<br>Attorneys for Defendants<br>211 West Jefferson Street<br>Syracuse, NY 13202 | LAURA L. SPRING, ESQ.<br>JENNA WHITE KLUCSIK, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Janice O'Dell ("plaintiff" or "O'Dell") brings this civil rights action against Jefferson County, New York; John Burns ("Burns"), in his individual and official capacity as Sheriff of Jefferson County, New York; Andrew Neff ("Neff"), in his individual capacity as Undersheriff of Jefferson County, New York; Robert Newtown ("Newtown"), in his individual and official capacity as a Sergeant at the Jefferson County Sheriff's Department ("Sheriff's Dept."); Francis Seymour ("Seymour"), in his individual and official capacity as a Corrections Officer at the Sheriff's Dept.; Michael Peterson ("Peterson"), in his individual and official capacity as a Lieutenant at the Sheriff's Dept.; Kristopher Spencer ("Spencer"), in his individual and official capacity as Lieutenant, Jail Administrator, and employee of the Sheriff's Dept. (collectively "defendants"); and John Doe(s) and Jane Doe(s). Plaintiff's amended complaint asserts twenty-seven causes of action against defendants.

Defendants move to dismiss the entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff opposed and defendants replied. Oral argument was heard on March 21, 2014, in Utica, New York. Decision was reserved.

## II. BACKGROUND

The following facts, taken from the amended complaint, are assumed true for purposes of the motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

Plaintiff is a Caucasian female Corrections Officer who began working for the Sheriff's Dept. on December 28, 2008. She contends that throughout her employment, she has been subjected to a continuous course of ongoing harassment, discrimination, unequal treatment, and retaliation by defendants based on her sex, association with African Americans, and her opposition to such discriminatory conduct. Further, she alleges she was falsely charged with internal disciplinary charges as well as and criminal charges based on her opposition to such conduct and her refusal to resign from her position.

**A. Facts relating to sex discrimination**

In December 2010, an Officer Sands and defendant Newtown, plaintiff's then supervisor, requested plaintiff send them pictures of herself, and when she did not, sent plaintiff a photograph of a penis. Within one week after that, Newton approached plaintiff and informed her that he might have to reprimand her, despite there being no basis for doing so. Plaintiff alleges this was to intimidate her from reporting or complaining about his discriminatory conduct. In April 2011, without plaintiff's consent, Newton approached her from behind at a law enforcement function and lifted her up and informed her that he predicted they would have a relationship someday. Further, on multiple occasions, Newton has made inappropriate comments about plaintiff's physical appearance.

Defendant Seymour has made statements to plaintiff that the jail is "no place for a female to work." Am. Compl. ¶ 29. This attitude is known to other defendants and as a result, they have all failed to correct this behavior or train, supervise and/or discipline employees appropriately with regard to racism or sexism. Defendant Neff[1] sent plaintiff

---

[1] Undersheriff Neff was one of plaintiff's supervisors until his retirement on February 8, 2013.

unsolicited sexually suggestive messages online between March and July 2011. He has also referred to females in disparaging terms, including "bitch," referring to a Patrol Deputy who filed a complaint of sex discrimination. Id. ¶ 30.

Plaintiff alleges it is a custom, policy, and/or practice of supervisor defendants to engage female employees and inmates in sexual relationships and to allow sexual harassment, unsolicited sexual advances, and disparate and demeaning treatment of women in the Sheriff's Dept.

### B. Facts relating to race discrimination

In addition to being discriminated against because she is a woman, plaintiff contends that she was subjected to discrimination, a hostile work environment, and retaliated against because she associated and/or sympathized with African Americans, including inmates. Defendant Newton cautioned her about speaking with an African American inmate because of "perception." Id. ¶ 33. On March 21, 2012, while off-duty and outside of work, plaintiff met a college friend who happened to be African American at a restaurant. She learned in May 2012 that this encounter was observed and photographed by her coworkers. She contends that defendant Seymour put her under intense scrutiny for her association with African Americans, while male employees who did not associate with such individuals were not subject to the same scrutiny. At an unidentified date, defendant Peterson spoke with plaintiff's father and told him "we believe your family may be in danger. I haven't briefed the Sheriff on this yet." Id. ¶ 36.

### C. Charges

On May 17, 2012, plaintiff was called to a meeting with defendants Neff, Peterson, Burns, and Spencer. She was accused by each of having relationships with inmates inside

and outside of the facility and was threatened to resign.  She was suspended without pay without a full investigation, and publicly escorted from the facility.  She alleges that Peterson and Spencer told her coworkers to stay away from her and delete her from their social networking accounts.  A few days later, Seymour went to plaintiff's parents' home and told plaintiff's mother that plaintiff was "sweet on" one of the African American inmates.  Id. ¶ 40.  On May 21, 2012, plaintiff's father Stephen Pierson went to Burns and complained about the discriminatory treatment of his daughter.  He stated that white male employees of the Sheriff's Dept. have had relationships with inmates, driving under the influence convictions, and other arrests and their employment was not jeopardized.

On May 24, 2012, plaintiff was served 27 Specifications and 6 Disciplinary Charges which sought the termination of her employment.  These charges included supplying contraband (a lighter) to an African American inmate, reading on duty, conduct unbecoming, and consorting with persons of ill repute.  Plaintiff alleges that defendants Burns, Neff, Seymour, Peterson, and Spencer falsely manufactured these charges.  The charges were investigated by Spencer and the evidence was provided to the Jefferson County District Attorney's Office in an effort to seek criminal charges against plaintiff.

Plaintiff alleges defendant Seymour and others attempted to and did coerce and reward inmates and coworkers to sign false statements against her in connection with the disciplinary charges, at the direction of Burns and Spencer.  She contends Officer Doe refused to offer false testimony against her and as a result, defendants recommended he be denied a pistol permit for "failure to cooperate in an investigation."  Id. ¶ 47.

An indictment was filed against plaintiff on June 21, 2012 based largely on the internal disciplinary charges of May 24, 2012.  Plaintiff was seized by the Sheriff's Dept. and brought

to court for arraignment. She contends that she was repeatedly informed that if she resigned, the criminal charges would be dropped. The indictment was later dismissed in February 2013. On March 29, 2013, plaintiff was served with Amended Disciplinary Charges which eliminated the 2012 charges and asserted new charges.

Plaintiff served a Notice of Claim upon defendants on May 3, 2013. She filed a charge of discrimination with the Equal Employment Opportunity Commission (and thus the New York State Division of Human Rights) on May 13, 2013 and was issued a right-to-sue letter on October 24, 2013. She filed her initial complaint in federal court on September 16, 2013.

Her suspension continued until November 2013. She is currently back on duty and contends defendant Spencer has refused to speak to her and in some cases even acknowledge her presence.

## III. DISCUSSION

### A. Motion to Dismiss—Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of her claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers, 282 F.3d at 152.

**B. Defendants' Motion to Dismiss**

After construing the amended complaint liberally, taking all allegations as true, drawing all reasonable inferences in plaintiff's favor as must be done for purposes of this motion, and reviewing the applicable case law, it is found that the following causes of action fail to state a claim upon which relief may be granted and therefore will be dismissed:

(3)  Violation of 42 U.S.C. § 1981 (discrimination due to race)
(4)  Violation of 42 U.S.C. § 1981 (hostile work environment due to race)
(6)  Violation of N.Y. Human Rights Law (discrimination due to sex and/or race)
(7)  Violation of N.Y. Human Rights Law (hostile work environment due to sex and/or race)
(8)  Violation of N.Y. Human Rights Law (retaliation)
(9)  Violation of Article I, § 11 of the New York State Constitution (equal protection violation based on sex and/or race discrimination)
(10)  Violation of New York Civil Rights Law § 79-n (bias-related violence or intimidation)
(11)  Violation of Article I, § 8 of the New York Constitution (right to free speech)
(12)  Violation of New York Labor Law § 201-d (prohibiting job discrimination due to legal, recreational activities outside work hours)
(15)  Deprivation of substantive due process pursuant to 42 U.S.C. § 1983
(17)  Libel
(18)  Slander
(19)  Tortious interference with contractual relations
(20)  Tortious interference with prospective advantage
(21)  Negligence
(22)  Gross negligence
(23)  Intentional infliction of emotional distress
(24)  Prima facie tort
(25)  Violation of Title VII against Jefferson County (discrimination due to sex and/or race)
(26)  Violation of Title VII against Jefferson County (hostile work environment due to sex and/or race)
(27)  Violation of Title VII against Jefferson County (retaliation)

Likewise, after construing the amended complaint liberally, taking all allegations as true, drawing all reasonable inferences in plaintiff's favor as must be done for purposes of this motion, and reviewing the applicable case law, it is found that the following causes of sufficiently state a claim upon which relief may be granted:

(1)  Equal protection violation pursuant to 42 U.S.C. § 1983 (discrimination due to sex only)
(2)  Equal protection violation pursuant to 42 U.S.C. § 1983 (hostile work environment due to sex only)
(5)  First Amendment Retaliation pursuant to 42 U.S.C. § 1983
(13)  Malicious prosecution pursuant to 42 U.S.C. § 1983
(14)  Abuse of process pursuant to 42 U.S.C. § 1983
(16)  Deprivation of procedural due process pursuant to 42 U.S.C. § 1983

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED in part and the THIRD, FOURTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH, TWELFTH, FIFTEENTH, SEVENTEENTH, EIGHTEENTH, NINETEENTH, TWENTIETH, TWENTY-FIRST, TWENTY-SECOND, TWENTY-THIRD, TWENTY-FOURTH, TWENTY-FIFTH, TWENTY-SIXTH, and TWENTY-SEVENTH Causes of Action are DISMISSED; and

2. Defendants are directed to answer the FIRST, SECOND, FIFTH, THIRTEENTH, FOURTEENTH, and SIXTEENTH Causes of Action on or before April 25, 2014.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 8, 2014
       Utica, New York.